**AFFIRMED as MODIFIED and Opinion Filed June 6, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00031-CR**
**No. 05-22-00032-CR**
**No. 05-22-00033-CR**
**No. 05-22-00034-CR**
**No. 05-22-00035-CR**
**No. 05-22-00036-CR**

**DAVID RAY JAKUBIEC, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-75233-X, F21-75234-X,**
**F21-40264-X, F21-40265-X, F21-48147-X, F21-75235-X**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy[1]
Opinion by Justice Goldstein

Appellant David Ray Jakubiec was charged in separate indictments on four counts of aggravated assault, one count of aggravated robbery, and one count of unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2),

---

[1] The Honorable Justice David J. Schenck was originally a member of this panel. The Honorable Justice Kennedy succeeded Justice Schenck when his term expired on December 31, 2022. Justice Kennedy has reviewed the briefs and the record.

22.02(b)(3), 29.03, 31.07. Appellant judicially confessed and entered an open plea of guilty to the charges. The trial court found appellant guilty and, after a hearing, assessed punishment ranging from two to twelve years' confinement to run concurrently. Appellant appealed to this Court in each cause. On appeal, appellant's court-appointed appellate counsel filed an *Anders* brief in which he concluded the appeals are wholly frivolous and without merit,[2] with an accompanying motion to withdraw as appointed counsel.

When an appellate court receives an *Anders* brief asserting no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the record. *See Anders v. California*, 386 U.S. 738, 744 (1967) (emphasizing that reviewing court, and not appointed counsel, determines, after full examination of proceeding, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006).

---

[2] The *Anders* brief identifies the following areas of review and determination that the appeals are frivolous: venue, statute of limitations, appointment of counsel, the indictment, waiver of right to jury, sufficiency of the evidence, objections and rulings, Art. 26.13 admonitions, validity of sentence and effective assistance of counsel.

The brief before us meets the requirements of *Anders*. It presents a professional evaluation of the record showing why there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel attests that he sent copies of his motion to withdraw, the brief in support of his motion, notice of filing, and a complete record to appellant by certified mail. This Court advised appellant by letter of his right to file a pro se response and also attached a copy of the brief and motion to withdraw. No response was filed. *See Kelley v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (stating appellant has right to file pro se response to *Anders* brief filed by counsel).

We have reviewed the record in each case and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (explaining appellate courts' duties in *Anders* cases). We agree that the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals.

In a letter brief, the State directs us to certain errors in the trial court's judgments that, while not reversible, are incorrect in light of the record.[3] This Court "has the power to correct and reform the judgment of the court below to make the

---

[3] We note that the State advises that it reviewed the record and agreed that no reversible error was in the record and the appeals were without merit. The State did advise of non-reversible error not addressed in Appellant's *Anders* brief—specifically the fact that Appellant was not admonished orally on the immigration consequences of his guilty plea. However, both agree, and the record reflects that immigration consequences were admonished in writing. The record reflects the statutory written admonishment and the magistrate's Vienna Convention on Consular Relations admonishment noting that Appellant is a U.S. citizen. We agree with the State that there is no reversible error identified in the record.

record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *accord Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

In cause number 05-22-00032-CR (F21-75234-X), the State asserts the judgment contains two errors: (1) incorrect description of the offense charged, and (2) incorrect negative finding on deadly weapon. In a criminal case, the judgment must include "[t]he offense or offenses for which the defendant was convicted" and any "[a]ffirmative findings made pursuant to Article 42A.054(c) or (d)" of the Code of Criminal Procedure.[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13), (21). Here, the judgment lists "aggravated assault/deadly weapon/deadly conduct" as the "Offense for which Defendant Convicted." A review of the record shows that appellant judicially confessed and pleaded guilty to aggravated assault–reckless discharge of firearm from a motor vehicle, as charged by the indictment and defined under § 22.02(b)(3) of the Penal Code.[5] Appellant's confession includes that he "knowingly discharge[d] a firearm, a deadly weapon, at and in the direction of the vehicle of" the complainant. *See Marcus v. State*, No. 05-17-00655-CR, 2018 WL 4940855, at *2 (Tex. App.—Dallas Oct. 12, 2018, pet. ref'd) (mem. op., not designated for publication). We agree with the State and modify the judgment in

---

[4] Article 42A.054(c) provides: "On an affirmative finding regarding the use or exhibition of a deadly weapon as described by Subsection (b), the trial court shall enter the finding in the judgment of the court." TEX. CODE CRIM. PROC. ANN. art. 42A.054(c).

[5] Section 22.03(b)(3) makes it a first degree felony to knowingly discharging a firearm at a habitation, building, or vehicle if certain additional elements are met. *See* TEX. PENAL CODE ANN. § 22.03(b)(3).

–4–

cause number 05-22-00032-CR (F21-75234-X) by (1) deleting the words "AGGRAVATED ASSAULT/DEADLY WEAPON/DEADLY CONDUCT" under "Offense for which Defendant Convicted" and replacing them with "AGG ASSLT MV DISCH FRARM RKLS VEH SBI"; and (2) deleting "N/A" under "Findings on Deadly Weapon" and replacing it with "YES, FIREARM."

In cause number 05-22-00033-CR (F21-40264-X), the State asserts one error: that the space provided for a deadly weapon finding states "N/A." The record for this cause similarly shows that appellant judicially confessed and pleaded guilty to a charged offense that includes a deadly-weapon allegation. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). We therefore modify the judgment in cause number 05-22-00033-CR (F21-40264-X) to delete "N/A" under "Findings on Deadly Weapon" and substitute "YES, FIREARM."

Finally, the State asserts that appellant was incorrectly charged duplicate court costs in all six cases. Where a criminal defendant is convicted of two or more offenses in the same action, the trial court may assess each court cost or fee only once and it must be for the highest category of offense for which the defendant was convicted. TEX. CODE CRIM. PROC. ANN. art. 102.073. Here, appellant was convicted of six charges in one action, but court costs were assessed against him in each case. We agree with the State that these were duplicative and reform the judgments to remove court costs in all but cause number 05-22-00032-CR (F21-75234-X). Specifically, the judgments in 05-22-00031-CR (F21-75233-X), 05-22-00033-CR

–5–

(F21-40264-X), 05-22-00034-CR (F21-40265-X), 05-22-00035-CR (F21-48147-X), and 05-22-00036-CR (F21-75235-X) shall be reformed to delete court costs in the amount of $290.00.[6]

Based on our review of the record, we conclude that appellant's appeal lacks any basis in law or fact and is therefore frivolous. Accordingly, we grant counsel's motion to withdraw, modify the judgments as described above, and affirm the trial court's judgments as modified.

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
220031F.U05

---

[6] We note that the record in each of the cases contains, in addition to a bill of costs, a document titled "Criminal Court Fee Docket." These fee dockets include the $290 costs listed in the judgments, plus an additional $15 labeled as "IP PLN." Thus, the docket states that the "Amount Assessed" against appellant is $305. According to the legend of abbreviations provided with the fee docket, "IP PLN" stands for "Installment Plan." This appears to be the time payment fee that is taxed against criminal defendants who fail to timely pay any portion of the costs included in the bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030(a) (authorizing trial courts to assess a $15 fee if the defendant fails to pay "any part of a fine, court costs, or restitution, or another reimbursement fee" by the 31st day after the judgment is signed); *see also Shuler v. State*, 650 S.W.3d 683, 689 (Tex. App.—Dallas 2022, no pet.) (construing fee docket charge for "IP PLN" as time payment fee authorized under Article 102.030). As we explained in *Shuler*, an appeal "stops the clock and suspends a defendant's obligation to pay court costs." *Shuler*, 650 S.W.3d at 689–90 (quoting *Dulin v. State*, 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021)). Thus it is premature to tax the time payment fee against appellant during the pendency of his appeal. *See id.*

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID RAY JAKUBIEC, Appellant

No. 05-22-00031-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F21-75233-X. Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "$290" from the space beneath "Court Costs" and **INSERT** "N/A" in its place.

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** (1) the amount "40.00" after "CLERK'S FEE"; (2) the amount "1.00" after "JURY FEE"; (3) the amount "4.00" after "CCDC TECHNOLOGY FUND"; (4) the amount "10.00" after COURT HOUSE SEC FEE"; (5) the amount "185.00" after "CONS STATE FEES"; (6) the amount "25.00" after "COUNTY RECORDS MGT"; (7) the amount "25.00" after "SPECIALTY COURT"; (8) the amount "290.00" after "INITIAL AMOUNT DUE"; and (9) the amount "290.00" after "REMAINING AMOUNT DUE." We **INSERT** the amount "0.00" in place of each said amount.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID RAY JAKUBIEC, Appellant

No. 05-22-00032-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F21-75234-X. Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) Under "Offense for which Defendant Convicted," we **REMOVE** the words "AGGRAVATED ASSAULT/DEADLY WEAPON/DEADLY CONDUCT" and **INSERT** "AGG ASSLT MV DISCH FRARM RKLS VEH SBI" in their place; and

(2) Under "Findings on Deadly Weapon," we **REMOVE** "N/A" and insert "YES, FIREARM" in its place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2023.



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DAVID RAY JAKUBIEC, Appellant

No. 05-22-00033-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F21-40264-X. Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) Under "Court Costs," we **REMOVE** "$290" and **INSERT** "N/A" in its place; and

(2) Under "Findings on Deadly Weapon," we **REMOVE** "N/A" and **INSERT** "YES, FIREARM" in its place.

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** (1) the amount "40.00" after "CLERK'S FEE"; (2) the amount "1.00" after "JURY FEE"; (3) the amount "4.00" after "CCDC TECHNOLOGY FUND"; (4) the amount "10.00" after COURT HOUSE SEC FEE"; (5) the amount "185.00" after "CONS STATE FEES"; (6) the amount "25.00" after "COUNTY RECORDS MGT"; (7) the amount "25.00" after "SPECIALTY COURT"; (8) the amount "290.00" after "INITIAL AMOUNT DUE"; and (9) the amount "290.00" after "REMAINING AMOUNT DUE." We **INSERT** the amount "0.00" in place of each said amount.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID RAY JAKUBIEC, Appellant

No. 05-22-00034-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F21-40265-X. Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "$290" from the space beneath "Court Costs" and **INSERT** "N/A" in its place.

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** (1) the amount "40.00" after "CLERK'S FEE"; (2) the amount "1.00" after "JURY FEE"; (3) the amount "4.00" after "CCDC TECHNOLOGY FUND"; (4) the amount "10.00" after COURT HOUSE SEC FEE"; (5) the amount "185.00" after "CONS STATE FEES"; (6) the amount "25.00" after "COUNTY RECORDS MGT"; (7) the amount "25.00" after "SPECIALTY COURT"; (8) the amount "290.00" after "INITIAL AMOUNT DUE"; and (9) the amount "290.00" after "REMAINING AMOUNT DUE." We **INSERT** the amount "0.00" in place of each said amount.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2023.

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID RAY JAKUBIEC, Appellant

No. 05-22-00035-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F21-48147-X. Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "$290" from the space beneath "Court Costs" and **INSERT** "N/A" in its place.

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** (1) the amount "40.00" after "CLERK'S FEE"; (2) the amount "1.00" after "JURY FEE"; (3) the amount "4.00" after "CCDC TECHNOLOGY FUND"; (4) the amount "10.00" after COURT HOUSE SEC FEE"; (5) the amount "185.00" after "CONS STATE FEES"; (6) the amount "25.00" after "COUNTY RECORDS MGT"; (7) the amount "25.00" after "SPECIALTY COURT"; (8) the amount "290.00" after "INITIAL AMOUNT DUE"; and (9) the amount "290.00" after "REMAINING AMOUNT DUE." We **INSERT** the amount "0.00" in place of each said amount.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2023.



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DAVID RAY JAKUBIEC, Appellant

No. 05-22-00036-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas Trial Court Cause No. F21-75235-X. Opinion delivered by Justice Goldstein. Justices Reichek and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "$290" from the space beneath "Court Costs" and **INSERT** "N/A" in its place.

Additionally, the trial court's bill of costs is **MODIFIED** as follows:

We **REMOVE** (1) the amount "40.00" after "CLERK'S FEE"; (2) the amount "1.00" after "JURY FEE"; (3) the amount "4.00" after "CCDC TECHNOLOGY FUND"; (4) the amount "10.00" after COURT HOUSE SEC FEE"; (5) the amount "185.00" after "CONS STATE FEES"; (6) the amount "25.00" after "COUNTY RECORDS MGT"; (7) the amount "25.00" after "SPECIALTY COURT"; (8) the amount "290.00" after "INITIAL AMOUNT DUE"; and (9) the amount "290.00" after "REMAINING AMOUNT DUE." We **INSERT** the amount "0.00" in place of each said amount.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of June, 2023.